JS 44 - No. CALIF (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the fi[...] [r]equired by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the [...] the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAG[...])

## I. (a) PLAINTIFFS
TERESE RECKLEY

## DEFENDANTS
OMGEO, a corporation; TIM KEADY, and DOES 1 through 7, inclusive

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Los Angeles**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Delaware**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John R. Browne, III
Law Offices of John R. Browne, III
39 Drumm Street
San Francisco, CA 94111
(415) 421-6700

ATTORNEYS (IF KNOWN)
HAROLD M. BRODY
Proskauer Rose LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
(310) 557-2900

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motion to Vacate Sentence
**Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

## VI. CAUSE OF ACTION
(CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) This is a diversity case. 28 U.S.C. Sections 1441 and 1332.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
- DEMAND $ Over $75,000
- [ ] CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND  [ ] SAN JOSE

DATE
June 30, 2004

SIGNATURE OF ATTORNEY OF RECORD
*Harold M. Brody*
Harold M. Brody

NDC-JS44

HAROLD M. BRODY, State Bar No. 84927
PROSKAUER ROSE LLP
2049 Century Park East
32nd Floor
Los Angeles, California 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

E-filing

Attorneys for Defendants
OMGEO and TIM KEADY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TERESE RECKLEY,

        Plaintiff,

        v.

OMGEO, a corporation; TIM KEADY, and
DOES 1 through 7, inclusive

        Defendants.

C 04 2646 MEJ

Case No.

**NOTICE OF REMOVAL OF THE CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN FRANCISCO**

(San Francisco Superior Court,
Case No. CGC-04-430300)

NOTICE OF REMOVAL OF THE CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF
CALIFORNIA FOR THE COUNTY OF SAN FRANCISCO

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants Omgeo and Tim Keady (collectively, "Defendants") hereby remove to this Court the state court action described below:

1.      On April 7, 2004, an action was commenced in the Superior Court of California, County of San Francisco, entitled *Terese Reckley, Plaintiff vs. Omgeo, a corporation; Tim Keady, and Does 1 through 7, inclusive, Defendants*, Case No. CGC-04-430300.  True and correct copies of the Summons and Complaint are attached as Exhibit B to the Declaration of Harold M. Brody ("Brody Decl."), attached hereto.

2.      Counsel for Defendants accepted service of the Summons and Complaint on behalf of Defendants by signing and returning appropriate Notice and Acknowledgment of Receipt forms to counsel for Plaintiff, signed and dated on June 1, 2004; accordingly, the effective date of service upon Defendants is June 1, 2004. Cal. Civ. Proc. Code §415.30(c).  Plaintiff had not effected proper service on Defendants prior to June 1, 2004.  See Brody Decl. at ¶ 2.

3.      Because this Notice of Removal is being filed within 30 days of the date the initial Complaint was served on Defendants, it is timely filed pursuant to 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999).

4.      Notice of this removal is being given both to the adverse party and to the state court pursuant to 29 U.S.C. § 1446(d).  A true and correct copy of the Notice to Adverse Party is attached hereto as Exhibit C to the Brody Declaration.  A true and correct copy of the Copy of Notice of Removal to State Court is attached hereto as Exhibit D to the Brody Declaration.

5.      This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000,

2

NOTICE OF REMOVAL OF THE CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN FRANCISCO

exclusive of interest and costs.

6.    Defendants are informed and believe, and on that basis allege, that Plaintiff was at the time of the filing of this action, and still is, a citizen of the state of California, residing in the County of Los Angeles. (*See* Complaint Verification form, attached hereto with the Complaint as Exhibit B.)

7.    Omgeo was at the time of filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware, having its corporate headquarters and principal place of business in Boston, Massachusetts. Brody Decl. at ¶ 6. As a result, Omgeo is a citizen of Delaware and Massachusetts. Omgeo neither was incorporated nor had its principal place of business in California.

8.    Tim Keady was at the time of filing of this action, and still is, a citizen of the State of Massachusetts, as he was and still is residing and domiciled in Marshfield, Massachusetts. Brody Decl. at ¶ 7.

9.    Plaintiff also has named as defendants "Does 1 through 7, Inclusive." Thus far, to Defendants' knowledge, none of the Doe defendants has been served. Regardless, the citizenship of defendants sued under fictitious names is to be disregarded for the purposes of determining diversity. *See* 28 U.S.C. § 1441(a).

10.    In the Complaint, Plaintiff seeks the following damages:

1.    For general damages in at least the minimum unlimited jurisdiction amount of this Court;

2.    For punitive damages;

3.    Interest on the sum of damages awarded;

4.    For reasonable attorneys' fees and expert witness fees;

5.    For costs of suit herein incurred;

6.    For such other and further relief as the court may deem just and proper.

*See* Complaint, p. 6, at Ex. B.

11.    Although Plaintiff has not specified the precise amount of damages

3

5207/56399-002
LAWORD/46861 v1

NOTICE OF REMOVAL OF THE CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN FRANCISCO

sought, the nature of the claims she attempts to plead – sexual harassment and wrongful termination in violation of public policy – reveals that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Furthermore, the multitude of types of damages she seeks, including attorneys' fees, emotional distress damages, and punitive damages, demonstrates there is ample reason to conclude that the damages sought are in excess of the jurisdictional minimum. *See Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365 (9th Cir. 1982) (in determining whether a complaint meets the $75,000 amount in controversy threshold, a court properly may consider the value of claims for attorneys' fees as well as damages); *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241, 64 S. Ct. 5, 6, 88 L. Ed. 15 (1943) (amount in controversy requirement met if plaintiff "might recover" award of compensatory and punitive damages in excess of amount in controversy requirement). Thus, Plaintiff has placed in controversy an amount exceeding $75,000, exclusive of interest and costs.

12.    Plaintiff's Complaint includes claims for sexual harassment and wrongful termination. A recent survey of California employment lawsuit verdicts set forth the following statistics in connection with each type of Plaintiff's claims:

| Type of Claim | Percentage of Employee Verdicts | Number of Reported Claims | Average Verdict | Median Verdict |
|---|---|---|---|---|
| Sexual Harassment | 38% | 13 | $310,318 | $259,568 |
| Wrongful Termination | 75% | 8 | $908,800 | $454,500 |

L. Paterson & S. Thompson *PIHRAScope, "Legal Notes: Employment Law Jury Verdicts for 2001,"* (June 2002) at 15. Consequently, if Plaintiff prevails on any of the claims in her case, she will "more likely than not" recover more than $75,000. *See Jackson v. Am. Bankers Ins. Co. of Fla.*, 976 F. Supp. 1450, 1453 (S.D. Ala.

4

**NOTICE OF REMOVAL OF THE CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN FRANCISCO**

1997) (appropriate measures of amount in controversy is the litigation value – assuming all allegations of complaint are true and jury returns verdict for plaintiff on all claims made in the complaint). This further demonstrates that Plaintiff has placed in controversy an amount exceeding the jurisdictional minimum.

13. Further evidence that Plaintiff more likely than not has placed in controversy over $75,000 in this case is the fact that Plaintiff alleges "loss of wages, salary, benefits and additional amounts of money that Plaintiff would have received, had Plaintiff's employment not been terminated." (See, e.g., Ex. B at ¶ 11). Plaintiff alleges her employment with Omgeo terminated in April 2003. (Ex. B at ¶ 9). With an annual salary of $70,000, plus an additional annual amount in commissions of, on average during her last two full years of employment, approximately $39,000, the amount of money which Plaintiff would have earned had she retained employment to the present date would be approximately $127,167, exclusive of benefits. (For Plaintiff's salary and commission information, see Declaration of Andrea O'Sullivan at ¶2, attached as Exhibit E to the Brody Decl.) In addition, it is likely that this case will be tried within the next 12 to 18 months. At that point, Plaintiff's lost wages alone will amount to approximately $236,167 to $290,667. This analysis further demonstrates that Plaintiff in the instant case more likely than not has placed in controversy over $75,000.

14. Further, based on the claims alleged in this case, and defense counsel's experience litigating similar claims, it is more likely than not that Plaintiff's attorneys' fees alone will approach or exceed the $75,000 threshold. In the instant case, there will be extensive written discovery, deposition discovery, motion practice, and at least a three to four day trial. While Defendants do not know Plaintiff's counsel's billable rates, the amount of time necessary to litigate a case such as Plaintiff's will more likely than not lead to attorneys' fees for Plaintiff in an amount equal to or greater than $100,000. Brody Decl. at ¶8. Plaintiff includes claims under the California Fair Employment and Housing Act, as well as under the

5

California Labor Code. The relevant statutes provide for the awarding of reasonable attorneys' fees to the prevailing party. Where there is a state statute allowing attorneys' fees to be awarded to a successful litigant, the amount claimed thereunder may be taken into account in determining whether the jurisdictional minimum has been reached. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Accordingly, a consideration of Plaintiff's attorneys' fees that would be recoverable in the event she prevails further demonstrates that the amount in controversy more likely than not exceeds the $75,000 threshold.

15. Because Plaintiff and Defendants are citizens of different states, and because the Court may disregard the citizenship of Doe defendants, there is complete diversity between the parties. Furthermore, since there is complete diversity and since the amount in controversy threshold is met, the requirements for removal under 28 U.S.C. §§ 1332(a) and 1441(a) are satisfied.

16. Therefore, the Court has original jurisdiction over the Complaint, and each alleged cause of action contained therein, under 28 U.S.C. § 1332. The Complaint and the state court action, therefore, may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

17. In the event this Court should have any questions about the propriety of removal or may be inclined to remand this action, Defendants respectfully request that the Court issue an order to show cause why the case should not be remanded, affording the parties an opportunity to provide the Court with full briefing and argument. Furthermore, should Plaintiff move to remand this case to the state court, she should be required to stipulate that her damages shall not exceed $75,000. Such a procedure is warranted since a remand order is not subject to review.

DATED: June 30, 2004              HAROLD M. BRODY
                                  PROSKAUER ROSE LLP


                                  By: _____
                                         Harold M. Brody
                                         Attorneys for Defendants

6

**NOTICE OF REMOVAL OF THE CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN FRANCISCO**

# DECLARATION OF HAROLD M. BRODY

I, Harold M. Brody, declare as follows:

1.    I am a partner with the law firm of Proskauer Rose LLP, attorneys of record for defendants Omgeo and Tim Keady ("Defendants") in the above-captioned action. I am admitted to practice before this Court, and am one of the attorneys responsible for the defense in this case. Except as may be expressly noted below, I have first-hand knowledge of the facts set forth herein.

2.    As counsel for Defendants, my firm accepted service of the Summons and Complaint in this matter on behalf of Defendants by signing and returning Notice and Acknowledgment of Receipt forms to counsel for Plaintiff. The forms were signed and dated on June 1, 2004, which is the effective date of service upon Defendants. Plaintiff had not effected proper service on Defendants prior to June 1, 2004. Attached hereto as Exhibit A are true and correct copies of the Notice and Acknowledgment of Receipt forms.

3.    Attached hereto as Exhibit B is a true and correct copy of the Summons and Complaint served in this matter.

4.    Attached hereto as Exhibit C is a true and correct copy of the Notice to Adverse Party, which will be filed and served following the filing of this Notice of Removal.

5.    Attached hereto as Exhibit D is a true and correct copy of the Copy of Notice of Removal, which will be filed with the State Court and served following the filing of this Notice of Removal.

6.    I am informed and believe that Omgeo is and was, at the time this action was commenced, a citizen of Delaware and Massachusetts, because it is now, and was at the time this action was commenced, incorporated under the laws of the State of Delaware and now has and has had its principal place of business and corporate headquarters in the State of Massachusetts.

7

5207/56399-002
LAWORD/46861 v1

7.    I am informed and believe that Tim Keady is and was, at the time this action was commenced, a citizen of the State of Massachusetts, because he currently resides and is domiciled, and did reside and was domiciled at the time this action was commenced, in Marshfield, Massachusetts.

8.    Based on the claims alleged in this case, and my experience litigating similar claims, it is more likely than not that Plaintiff's attorneys' fees alone will approach or exceed the $75,000 threshold. In the instant case, there will be extensive written discovery, deposition discovery, motion practice, and at least a three to four day trial. While I am not aware of Plaintiff's counsel's billable rates, the amount of time that will be devoted to a case such as Plaintiff's will more likely than not lead to attorneys' fees for Plaintiff in an amount equal to or greater than $100,000.

9.    Attached hereto as Exhibit E is the Declaration of Andrea O'Sullivan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief and that this declaration was executed this _30th_ day of June, 2004, at Los Angeles, California.

Harold M. Brody

8

NOTICE OF REMOVAL OF THE CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN FRANCISCO

5207/56399-002
LAWORD/46861 v1

**EXHIBIT A**

| NAME AND ADDRESS OF SENDER: | TELEPHONE NO: (415)421-6700 | For Court Use Only: |
|---|---|---|
| Law Offices of John R. Browne III<br>A Professional Corporation<br>California State Bar No. 38891<br>39 Drumm Street<br>San Francisco, CA 94111-4805 | | |

Insert name of court, judicial district of branch court, if any, and Post Office and Street Address
San Francisco County Superior Court
400 McAllister Street
San Francisco, CA 94102
Unlimited Jurisdiction

PLAINTIFF: TERESE RECKLEY

DEFENDANT: OMGEO, a corporation; TIM KEADY, and DOES 1 through 7, inclusive

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT** | Case Number:<br>CGC-04-430300 |
|---|---|

TO: OMGEO, a corporation
(Insert name of individual being served)

This summons and other document(s) indicated below are being served pursuant to Section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it to me within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons and other document(s) are deemed served on the date you sign the Acknowledgment of Receipt below, if you return this form to me.

LAW OFFICES OF JOHN R. BROWNE III

Dated: May 12, 2004

_John R. Browne III_
(Signature of sender)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of: (To be completed by sender before mailing)
1. [ x ] A copy of the summons and of the complaint.
2. [   ] A copy of the summons and of the Petition (Marriage) and:
   [   ] Blank Confidential Counseling Statement (Marriage)
   [   ] Order to Show Cause (Marriage)
   [   ] Blank Responsive Declaration
   [   ] Blank Financial Declaration
   [ x ] Other: (Specify) Notice To Plaintiff; Judicial Mediation Pilot
   Program/Voluntary Early Mediation Program/Alternative Dispute
   Resolution Information Package

(To be completed by recipient)

Date of receipt:

_Stephanie Sasaki_
(Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person)

Date this form is signed: 6/1/04

Stephanie Sasaki, Attorney for Omgeo
(Type or print your name and name of entity, if any, on whose behalf this form is signed)

| NAME AND ADDRESS OF SENDER:<br>Law Offices of John R. Browne III<br>A Professional Corporation<br>California State Bar No. 38891<br>39 Drumm Street<br>San Francisco, CA 94111-4805 | TELEPHONE NO: (415) 421-6700 | For Court Use Only: |
|---|---|---|
| Insert name of court, judicial district of branch court, if any, and Post Office and Street Address<br>San Francisco County Superior Court<br>400 McAllister Street<br>San Francisco, CA 94102<br>Unlimited Jurisdiction | | |
| PLAINTIFF: TERESE RECKLEY | | |
| DEFENDANT: OMGEO, a corporation; TIM KEADY, and DOES 1 through 7, inclusive | | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT** | Case Number:<br>CGC-04-430300 | |

TO: TIM KEADY

(Insert name of individual being served)

This summons and other document(s) indicated below are being served pursuant to Section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it to me within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons and other document(s) are deemed served on the date you sign the Acknowledgment of Receipt below, if you return this form to me.

LAW OFFICES OF JOHN R. BROWNE III

Dated: May 12, 2004

_John R. Browne III_
(Signature of sender)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of: (To be completed by sender before mailing)
1. [ x ] A copy of the summons and of the complaint.
2. [ ] A copy of the summons and of the Petition (Marriage) and:
   [ ] Blank Confidential Counseling Statement (Marriage)
   [ ] Order to Show Cause (Marriage)
   [ ] Blank Responsive Declaration
   [ ] Blank Financial Declaration
   [ x ] Other: (Specify)  Notice To Plaintiff; Judicial Mediation Pilot Program/Voluntary Early Mediation Program/Alternative Dispute Resolution Information Package

(To be completed by recipient)

Date of receipt:

_Stephanie Sasaki_
(Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person)

Date this form is signed: 6/1/04

Stephanie Sasaki, Attorney for Tim Keady
(Type or print your name and name of entity, if any, on whose behalf this form is signed)

| Form Adopted by the<br>Judicial Council of California<br>Revised Effective January 1, 1975<br>[982(a)(4)]<br>Mandatory Form | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT** | Legal<br>Solutions⸱<br>Ⓒ Plus | CCP 415.30, 417.10;<br>Cal. Rules of Court,<br>Rule 1216 |
|---|---|---|---|

**EXHIBIT B**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
OMGEO, a corporation; TIM KEADY,
and DOES 1 through 7, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TERESE RECKLEY

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco County Superior Court<br>400 McAllister Street<br>San Francisco, California 94102<br>Unlimited Jurisdiction | CASE NUMBER:<br>*(Número del Caso):*<br>CGC - 04 - 430300 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of John R. Browne III          (415) 421-6700
A Professional Corporation
39 Drumm Street
San Francisco, California 94111-4805

| DATE:<br>*(Fecha)* | APR 0 7 2004 | GORDON PARK-LI | Clerk, by DE LA VEGA-NAVARRO, Rossaly<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

ENDORSED
FILED
San Francisco County Superior Court

APR 0 7 2004

GORDON PARK-LI, Clerk

BY: _____
Deputy Clerk

DE LA VEGA-NAVARRO, Rossaly

LAW OFFICES OF JOHN R. BROWNE III
A Professional Corporation
California State Bar No.:  38891
39 Drumm Street
San Francisco, CA  94111-4805

Telephone:  (415) 421-7600

Attorney for Plaintiff

CASE MANAGEMENT CONFERENCE SET

PLAN I   SEP 1 0 2004  9:00 AM

DEPARTMENT 212

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

CGC - 04 - 430300

| | |
|---|---|
| TERESE RECKLEY,<br><br>                    Plaintiff,<br><br>        v.<br><br>OMGEO, a corporation; TIM KEADY, and DOES 1 through 7, inclusive,<br><br>                    Defendants. | Case No: _____<br><br>COMPLAINT FOR WRONGFUL TERMINATION OF EMPLOYMENT AND FOR EMPLOYMENT DISCRIMINATION (FAIR EMPLOYMENT AND HOUSING ACT) |

Plaintiff alleges:

1.  Plaintiff is informed and believes and thereon alleges that Defendant OMGEO is a foreign corporation based in Boston, Massachusetts.  At all times mentioned herein, OMGEO has had a business office in the City and County of San Francisco, California, and was doing business in said City and County.  Defendant OMGEO is subject to suit under the California Fair Employment and Housing Act, Government Code §12900, et seq. (FEHA), in that Defendant regularly employs five or more persons.

-1-

Complaint For Wrongful Termination Of Employment And For Employment Discrimination

2.  Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant TIM KEADY was a Director and/or Director of Sales of OMGEO.  Defendant KEADY was the Manager of the OMGEO territory that included San Francisco, California.

3.  Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 7, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned Defendants.

4.  Plaintiff is informed and believes and thereon alleges that at all time mentioned herein each of the named Defendants and the Doe Defendants was the agent and employee of each of the remaining Defendants and, in doing the things hereinafter alleged, was acting within the scope and course of such agency and employment.

5.  The unlawful employment practices complained of herein occurred in San Francisco County.

6.  Plaintiff was employed by Defendant OMGEO and its predecessor company as a Sales Account Executive for approximately three years and three months, commencing in January, 2000 and ending in April of 2003.  During Plaintiff's employment with

-2-

OMGEO, Defendant TIM KEADY was Plaintiff's immediate supervisor; and, according to Plaintiff's information and belief, had the authority for hiring and firing OMGEO employees within his management territory.

7.    Throughout the course of Plaintiff's employment with OMGEO, Plaintiff was subjected to a pattern of sexual harassment inflicted upon her by Defendant TIM KEADY.  Such harassment took the form of a series of unwanted and unwelcomed sexual advances, including, but not limited to certain acts enumerated in 1 Cal. Code Regs. §§7287-6(b)(1).

8.    Mr. KEADY's hereinabove alleged acts created an intimidating, hostile and offensive work environment for Plaintiff and unreasonably interfered with her work performance at OMGEO.

9.    Although Plaintiff was performing well in her position and was, on information and belief, the second highest producer in her department, Defendant KEADY terminated her employment with OMGEO in April of 2003, ostensibly for job performance reasons, but in reality because Plaintiff would not respond to Mr. KEADY's said advances.

10. Defendant OMGEO is strictly liable for Defendant KEADY's harassing conduct, pursuant to Cal. Gov. Code §12940(j)(1). Defendant KEADY is liable for his acts alleged herein, pursuant to Cal. Gov. Code §12940(j)(3).

11. As a proximate result of Defendant OMGEO's discriminatory actions and harassment against Plaintiff as alleged above, Plaintiff has suffered the loss of the wages, salary, benefits

-3-

and additional amounts of money that Plaintiff would have received, had Plaintiff's employment not been terminated as aforesaid. As a result of such discrimination and harassment and consequent harm, Plaintiff has suffered damages in at least the minimum unlimited jurisdiction amount of this Court, according to proof.

12. As a further proximate result of Defendants' discriminatory and harassing actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in at least the minimum unlimited jurisdiction amount of this Court, according to proof.

13. As a result of such discrimination and harassment and consequent harm, Plaintiff has suffered general damages in at least the minimum unlimited jurisdiction amount of this Court, according to proof.

14. The above alleged actions perpetrated by Defendant TIM KEADY, on his own behalf and legally imputed to Defendant OMGEO, were done with malice, fraud or oppression, and in reckless disregard of the Plaintiff's rights under the FEHA, entitling Plaintiff to punitive damages against Defendants, and each of them, in at least the minimum unlimited jurisdiction amount of this Court, according to proof.

15. On February 2, 2004, and within one year of the date of the discrimination and harassment herein alleged against Plaintiff by Defendants OMGEO and TIM KEADY, Plaintiff filed charges

-4-

of discrimination with the California Department of Fair Employment and Housing (DFEH) against both Defendants OMGEO and TIM KEADY. Copies of these charges are appended hereto, jointly marked Exhibit A, and are incorporated herein by this reference as if fully set forth herein.

16. On February 3, 2004, the DFEH issued to Plaintiff Right-To-Sue Notices against both named Defendants based on the charges contained in Exhibit A to this Complaint. Copies of these Right-To-Sue Notices are appended hereto, jointly marked Exhibit B, and are incorporated herein by this reference as if fully set forth herein.

17. Cal. Gov. Code §12965(b) provides in part that the Court may, in its discretion, award the prevailing party its attorneys fees and expert witness fees.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages in at least the minimum unlimited jurisdiction amount of this Court, according to proof;

2. For punitive damages in an amount appropriate to punish Defendants for their wrongful conduct and set an example for others, in at least the minimum unlimited jurisdiction amount of this Court, according to proof;

3. Interest on the sum of damages awarded, calculated from the date the harassment first began, according to proof, to the date of judgment;

4. For reasonable attorneys fees and expert witness fees, pursuant to Gov. Code §12965(b);

-5-

Complaint For Wrongful Termination Of Employment And For Employment Discrimination

5.  For costs of suit herein incurred; and,

6.  For such other and further relief as the Court deems proper.

Dated: March ⁢7, 2004.                 LAW OFFICES OF JOHN R. BROWNE III
                                        A Professional Corporation


                                        By: _____
                                             JOHN R. BROWNE III
                                             Attorneys for Plaintiff

-6-

Complaint For Wrongful Termination Of Employment And For Employment Discrimination.

## * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # _____

DFEH USE ONLY

### CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
Ms. Terese Reckley

TELEPHONE NUMBER (INCLUDE AREA CODE)
(818) 366-7363

ADDRESS
17810 Horace Street

CITY/STATE/ZIP
Granada Hills, CA 91344

COUNTY
Los Angeles

COUNTY CODE

**NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:**

NAME
OMGEO

TELEPHONE NUMBER (Include Area Code)
(866) 496-6436

DFEH USE ONLY

ADDRESS
22 Thompson Place

CITY/STATE/ZIP
Boston, MA 02210

COUNTY

COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
Approx. 200

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) Approx. Feb. 2003

RESPONDENT CODE

THE PARTICULARS ARE:

On April 3, 2003 I was

- X fired
- ___ laid off
- ___ demoted
- ___ harassed
- ___ genetic characteristics testing
- ___ forced to quit

- ___ denied employment
- ___ denied promotion
- ___ denied transfer
- ___ denied accommodation
- ___ impermissible non-job-related inquiry
- ___ other (specify) _____

- ___ denied family or medical leave
- ___ denied pregnancy leave
- ___ denied equal pay
- ___ denied right to wear pants
- ___ denied pregnancy accommodation

by Tim Keady, Director/Manager of Territory

Name of Person          Job Title (supervisor/manager/personnel director/etc.)

because of my:
- X sex
- ___ age
- ___ religion
- ___ race/color

- ___ national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association

- ___ physical disability
- ___ mental disability
- ___ other (specify) _____

- ___ cancer
- ___ genetic characteristic

(Circle one) filing; protesting; participating in investigation (retaliation for)

the reason given by Mr. Tim Keady, Director/Manager of Territory

Name of Person and Job Title

Was because of [please state what you believe to be reason(s)]

He claimed it was because of a lack of product knowledge. The real reason was sexual harassment and unwanted sexual advances on the part of Mr. Keady, which I would not agree to.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated January 29, 2004

At Granada Hills, CA

City



COMPLAINANT'S SIGNATURE

RECEIVED

FEB - 2 2004

BY: SAN FRANCISCO DISTRICT OFFICE

DATE FILED:

DFEH-300-03 (07/01)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

EXHIBIT A

STATE OF CALIFORNIA

# RIGHT-TO-SUE COMPLAINT INFORMATION SHEET

We need a separate signed complaint for each employer, person, labor organization, employment agency, apprenticeship committee, state or local government agency you wish to file against. If you are filing against both a company and an individual(s), please complete separate complaint forms naming the company or an individual in the appropriate area.

Please complete the following so that we can process your complaint and for DFEH for statistical purposes, and return with your signed complaint(s):

**YOUR RACE:/ETHNICITY** (Check one)
__ African-American
__ Asian/Pacific Islander (specify) _____
X Caucasian
__ Native American
__ Hispanic (specify)_____

**YOUR PRIMARY LANGUAGE** (specify)

English

**YOUR AGE:**    38

**IF FILING BECAUSE OF YOUR NATIONAL ORIGIN/ANCESTRY, YOUR NATIONAL ORIGIN/ANCESTRY** (specify)

_____

**IF FILING BECAUSE OF DISABILITY, YOUR DISABILITY:**
__ AIDS
__ Blood/Circulation
__ Brain/Nerves/Muscles
__ Digestive/Urinary/Reproduction
__ Hearing
__ Heart
__ Limbs (Arms/Legs)
__ Mental
__ Sight
__ Speech/Respiratory
__ Spinal/Back

**IF FILING BECAUSE OF MARITAL STATUS, YOUR MARITAL STATUS:** (Check one)
__ Cohabitation
__ Divorced
__ Married
__ Single

**IF FILING BECAUSE OF RELIGION, YOUR RELIGION:** (specify)

_____

DFEH-300-03-1 (12/02)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
STATE OF CALIFORNIA

**IF FILING BECAUSE OF SEX, THE REASON:**
X Harassment
__ Orientation
__ Pregnancy
__ Denied Right to Wear Pants
X Other Allegations (List) unwanted sexual advances

**YOUR GENDER:**
X Female
__ Male

**YOUR OCCUPATION:**
__ Clerical
__ Craft
__ Equipment Operator
__ Laborer
__ Manager
__ Paraprofessional
__ Professional
X Sales
__ Service
__ Supervisor
__ Technician

**HOW YOU HEARD ABOUT DFEH:**
X Attorney
__ Bus/BART Advertisement
__ Community Organization
__ EEOC
__ EDD
__ Friend
__ Human Relations Commission
__ Labor Standards Enforcement
__ Local Government Agency
__ Poster
__ Prior Contact with DFEH
__ Radio
__ Telephone Book
__ TV
__ DFEH Web Site

**RECEIVED**

**FEB - 2 2004**

**DO YOU HAVE AN ATTORNEY?**        BY: SAN FRANCISCO DISTRICT OFFICE
X Yes        __ No

_____
Your Signature
January 29, 2004
Date

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

121 Spear Street, Suite 430, San Francisco, CA 94105
(415) 904-2303 TTY (800) 700-2320 Fax (415) 904-2310
www.dfeh.ca.gov



**RECEIVED**

**FEB 5 - 2004**

February 3, 2004


TERESE RECKLEY
17810 Horace Street
Granada Hills, CA 91344


RE:   E200304A0938-00-sc
      RECKLEY/OMGEO

Dear TERESE RECKLEY:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 2, 2004 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.



Notice of Case Closure
Page Two

The Department of Fair Employment and Housing does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Selena Wong
District Administrator

cc:    Case File

Human Resources Manager
OMGEO
22 Thompson Place
Boston, MA  02210

DFEH-200-43 (04/03)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES A'  Y                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
121 Spear Street, Suite 430, San Francisco, CA 94105
(415) 904-2303  TTY (800) 700-2320  Fax (415) 904-2310
www.dfeh.ca.gov



February 3, 2004


TERESE RECKLEY
17810 Horace Street
Granada Hills, CA 91344


RE:    E200304A0938-01-sc
       RECKLEY/READY, TIM, As an individual

Dear TERESE RECKLEY:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 2, 2004 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


The Department of Fair Employment and Housing does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,


Selena Wong
District Administrator

cc:    Case File


Tim Ready
Director/Manager of Territory
OMGEO
22 Thompson Place
Boston, MA 02210

DFEH-200-43 (04/03)

<u>VERIFICATION</u>

I, TERESE RECKLEY, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 22, 2004, at ___Granada Hills___,
California.

_____
TERESE RECKLEY

**EXHIBIT C**

PROSKAUER ROSE LLP
HAROLD M. BRODY, State Bar No. 84927
2049 Century Park East
32nd Floor
Los Angeles, California 90067-3206
Telephone:   (310) 557-2900
Facsimile:   (310) 557-2193

Attorneys for Defendants
OMGEO and TIM KEADY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| TERESE RECKLEY,<br><br>Plaintiff,<br><br>v.<br><br>OMGEO, a corporation; TIM KEADY, and DOES 1 through 7, inclusive<br><br>Defendants. | Case No.  CGC-04-430300<br><br>**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>Action Filed: April 7, 2004<br>Dept.              212 |

TO PLAINTIFF TERESE RECKLEY AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Northern District of California on June 30, 2004 by Defendants Omgeo and Tim Keady.

Attached is a copy of the Notice of Removal, the filing of which effects the removal of this action to the United States District Court.

DATED:  June 30, 2004

PROSKAUER ROSE LLP
HAROLD M. BRODY

By: _____
Harold M. Brody
Attorneys for Defendants

2

5207/56399-002
LAWORD/47089 v1

**EXHIBIT D**

PROSKAUER ROSE LLP
HAROLD M. BRODY, State Bar No. 84927
2049 Century Park East
32nd Floor
Los Angeles, California 90067-3206
Telephone:    (310) 557-2900
Facsimile:     (310) 557-2193

Attorneys for Defendants
OMGEO and TIM KEADY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

|  |  |
|---|---|
| TERESE RECKLEY,<br><br>                    Plaintiff,<br><br>        v.<br><br>OMGEO, a corporation; TIM KEADY, and<br>DOES 1 through 7, inclusive<br><br>                    Defendants. | Case No.  CGC-04-430300<br><br>**COPY OF NOTICE OF REMOVAL, THE ORIGINAL OF WHICH WAS FILED WITH THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**<br><br>Action Filed: April 7, 2004<br>Dept.            212 |

COPY OF NOTICE OF REMOVAL

Attached hereto is a copy of the Notice of Removal, the original of which was filed with the United States District Court for the Northern District of California on June 30, 2004. The filing of the Notice of Removal effects the removal of this action.

DATED: June 30, 2004

PROSKAUER ROSE LLP
HAROLD M. BRODY

By: _____
Harold M. Brody
Attorneys for Defendants

5207/56399-002
LAWORD/47090 v1

COPY OF NOTICE OF REMOVAL

**EXHIBIT E**

## DECLARATION OF ANDREA O'SULLIVAN

I, Andrea O'Sullivan, declare as follows:

1.      I am the HR Generalist of Omgeo, a party to the above-captioned action.  Except as may be expressly noted below, I have first-hand knowledge of the facts set forth herein.

2.      Terese Reckley is a former employee of Omgeo.  In my position as HR Generalist, I have access to Ms. Reckley's personnel and payroll files, among others.  A review of pertinent payroll records, kept in the usual course of business, reveals that Ms. Reckley's final rate of pay with Omgeo included a base salary of $70,000, with a commission target for 2003 of $36,080 (Ms. Reckley worked only part of the year 2003 with Omgeo, and was paid commissions in the amount of $15,217 in 2003).  In 2002, Ms. Reckley earned a base salary of $70,000 and commissions in the amount of $48,318.  In 2001, Ms. Reckley earned a base salary of $70,000 and commissions in the amount of $29,996.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief and that this declaration was executed this _21st_ day of June, 2004, at Boston, Massachusetts.

_____
Andrea O'Sullivan

9

**NOTICE OF REMOVAL OF THE CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN FRANCISCO**